**In re THE LANDING, A Missouri Limited Partnership, Debtor.**

**MARK TWAIN BANK, Plaintiff/Counterclaim Defendant,**

**v.**

**Fredrich J. CRUSE, Operating Trustee, Defendant/Cross–Claim Defendant,**

**Laurlin, Inc., d/b/a The Landing, Defendant/Counterclaim, Cross–Claim, and Third Party Plaintiff,**

**Jay A. Peters, Third Party Plaintiff,**

**Omni Bank f/k/a State Bank of Hull, U.S. Small Business Administration, General Electric Capital Corporation, Successor in Interest to ITT Commercial Finance, the Missouri Lutheran Synod, Mark Twain Area Title Ins. Co. a/k/a Mark Twain Area Title Insurance Agency, Chicago Title Insurance Company, Third Party Defendants.**

**Bankruptcy No. 92–20384–172.
Adv. No. 95–2010–172.**

United States Bankruptcy Court, E.D. Missouri, Northern Division.

Feb. 22, 1996.

David N. Burn, Gerrish & McCreary, P.C., Nashville, TN, for Mark Twain Bank and Omni Bank.

Lonnie Whitaker, Special Assistant U.S. Attorney, St. Louis, MO, Maria C. Sanchez, Office of the United States Attorney, St. Louis, MO, for U.S. Small Business Admin.

Thomas J. DeGroot, Husch & Eppenberger, St. Louis, MO, for General Electric Capital Corporation.

Robert E. Jones, Clayton, MO, for Mark Twain Title Company and Chicago Title Company.

## ORDER

JAMES J. BARTA, Chief Judge.

The matter is before the Court on a Motion to Dismiss the adversary proceeding for lack of subject matter jurisdiction. The motion was filed by Fredrich J. Cruse ("Cruse"), Defendant/Crossclaim Defendant and Operating Trustee of The Landing, the Reorganized Debtor ("Debtor"). The Debtor is operating under a confirmed plan of reorganization and is engaged in the orderly liquidation of its assets. The adversary case was filed by Mark Twain Bank ("MTB") seeking a declaratory judgment as to the ownership of certain equipment. Laurlin, Inc. ("Laurlin"), Defendant/Counterclaim, Cross–Claim and Third Party Plaintiff, has claimed it purchased the subject equipment, along with substantially all the assets of the Debtor, from Cruse pursuant to an Order of this Court filed February 22, 1994.

 In the absence of specific statutory language, the Second Circuit has recognized a Bankruptcy Court's jurisdiction as it was described in a confirmed plan. "A bankruptcy court retains post-confirmation jurisdiction in a chapter 11 proceeding only to the extent provided in the plan of reorganization. The bankruptcy court's post-confirmation jurisdiction therefore is defined by reference to the Plan." *Hospital and University Property Damage Claimants v. Johns–Manville Corp. (In re Johns–Manville Corp.)*, 7 F.3d 32, 34 (2d Cir.1993). In the Eighth Circuit, "a bankruptcy court may explicitly retain jurisdiction of aspects of a plan related to its administration and interpretation." *United States v. Unger*, 949 F.2d 231, 234 (8th Cir.1991); *see also In re Dogpatch, U.S.A., Inc.*, 810 F.2d 782, 785 (8th Cir.1987) (the bankruptcy court retained jurisdiction over certain parties for "all purposes until full consummation of the confirmed plan of reorganization").

The Debtor in this case is operating under a confirmed plan in a Chapter 11 case that has not been closed or converted. The Court has retained jurisdiction in this case pursuant to the terms of the Second Amended Plan of Reorganization. Document 804, filed August 3, 1994. Under the provisions of Article VII, ¶ 7.0(a), the Court has retained jurisdiction to insure that the Debtor complies with the provisions of the Plan and with all orders of the Court pursuant to the Plan and to enable the Debtor to take all actions contemplated by the Plan. In Article VII, ¶ 7.0(f), the Court has retained jurisdiction to adjudicate all claims or controversies arising out of any purchases, sales, or contracts made or undertaken by the Debtor during the pendency of this liquidation case.

As a liquidating plan, the Second Amended Plan contemplates the sale of all of the Debtor's assets. The matter before the Court in the adversary proceeding is a controversy that is related to the provisions of the Plan in that it concerns a sales contract between the Debtor and Laurlin that was consummated pursuant to an Order of the Court. The sale to Laurlin resulted in the liquidation of substantially all of the Debtor's assets. Thus, under Article VII, ¶ 7.0(a) and (f) the Bankruptcy Court has retained jurisdiction in this matter pursuant to the terms in the Plan. Therefore,

**IT IS ORDERED** that Cruse's Motion to Dismiss the adversary proceeding for Lack of Subject Matter Jurisdiction is **DENIED;** and that the determination of the Cruse motion for a more definite and certain statement is deferred pending a ruling on the Laurlin motion to withdraw the reference of this adversary proceeding; and

That this matter is continued and reset to *March 20, 1996 at 10:00 a.m. in Bankruptcy Courtroom No. 1, U.S. Bankruptcy Court, Eastern District of Missouri, One Metropolitan Square, 211 North Broadway, 7th Floor, St. Louis, Missouri* as a continued pretrial conference.